USDC
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/2/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE X. FAISON,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

04-CR-0932 (AKH)
15-CV-9993 (AKH)

ORDER

ALVIN K. HELLERSTEIN, United States District Judge:

    Movant, currently held in the federal Metropolitan Correctional Center, in New York, New York ("MCC New York"), brings this *pro se* motion under 28 U.S.C. § 2255 challenging his conviction in his earlier criminal proceeding, *United States v. Faison*, No. 04-CR-0932 (AKH). For the following reasons, the Court denies the motion, for it is clear from the record that Movant is not entitled to relief.

## STANDARD OF REVIEW

    A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his sentence on the grounds that it is in violation of the Constitution or federal law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *Green v. United States*, 260 F.3d 78, 83 (2d Cir.

2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## BACKGROUND

In a judgment dated and imposed on February 22, 2006, and entered on February 23, 2006, the Court convicted Movant, upon a plea of guilty, of one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 812 and 841(a)(1), (b)(1)(D). *Faison*, No. 04-CR-0932 (AKH) (S.D.N.Y. Feb. 22, 2006). The Court sentenced Movant on said date to time served and to a three-year term of supervised release. *Id.* Movant did not appeal.

Movant asserts that his defense counsel was ineffective because he did not file a notice of appeal as Movant instructed him. He also asserts that he involuntarily entered his guilty plea. But during sentencing, Movant's defense counsel described the time served sentence as what Movant was "hoping and praying for." (*Faison*, No. 04-CR-0932 (AKH), Transcript of Feb. 22, 2006 Sentencing, at 8-9.) In addressing the Court himself during sentencing, Movant apologized for his actions and acknowledged his guilt; he characterized himself as a "changed man." (*Id.* at 12.) He also effusively thanked his defense counsel for his efforts, and thanked the Court for sentencing him to time served. (*Id.* at 13, 15.)

## DISCUSSION

### A. Jurisdiction under 28 U.S.C. §2255

To seek relief under § 2255, a movant "must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255"; he must file his § 2255 motion while he is "in custody" under the sentence he is challenging. *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). A movant need not be physically confined when seeking § 2255 relief; for example, a movant

serving a term of supervised release could satisfy the "in custody" requirement. *See id.* A movant cannot, however, seek such relief after the sentence imposed by the challenged judgment of conviction has expired. *See id.*

Movant submitted his § 2255 motion to the MCC New York's mail system for its delivery to the Court on December 13, 2015, well after he completed the sentence imposed on him on February 22, 2006, in *Faison*, No. 04-CR-0932 (AKH), including his supervised release term.[1] Thus, Movant is no longer in custody with respect to the sentence imposed in *Faison*, No. 04-CR-0932 (AKH), and, consequently, the Court does not have jurisdiction to consider his § 2255 motion.

## B. Timeliness

The motion is also time-barred. A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when a right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* § 2255(f). "[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).

Because he did not appeal, Movant's judgment of conviction became final on March 9, 2006, ten business days after the judgment was entered. *See* Fed. R. App. Proc. 4(b)(1)(A)(i)

---

[1] The Court notes that the Government has brought another criminal action against Movant that is pending before the Court. *See United States v. Faison*, No. 15-CR-0186 (PGG) (S.D.N.Y.). The indictment charges Movant with illegally possessing a firearm, 18 U.S.C. § 922(g)(1). Movant's detention pending trial or disposition is pursuant to this 2015 case.

(2005) (ten-day period for a criminal defendant to file a notice of appeal; 2009 rule amendment extended period to fourteen days); Fed. R. App. Proc. 26(a)(1) (2005) (Saturdays, Sundays, and legal holidays excluded when computing periods of less than eleven days; 2009 rule amendment eliminated that provision). Movant had one year from that date, or until March 9, 2007, to submit a timely § 2255 motion. As stated above, he did not submit his motion to the MCC New York's mail system until December 13, 2015 – years after the limitations period expired.

## CONCLUSION

The Court denies this § 2255 motion. Because Movant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Feb. 2, 2016
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4